IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Allen Findley, #00209599, | ) | C/A No.: 1:25-12838-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Durham et all, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Darrell Allen Findley ("Plaintiff"), proceeding pro se and in forma pauperis, filed an amended complaint against "Durham et all." Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the amended complaint without prejudice and without leave for further amendment.

I.     Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at Pickens County Detention Center ("PCDC"). [ECF No. 1]. On October 6, 2025, Plaintiff filed a complaint alleging violations of his rights to free speech under the First Amendment, due process under the Fifth and Fourteenth Amendments, and freedom from cruel and unusual punishment under the Eighth Amendment against PCDC administrator Kevin Durham ("Captain Durham") and Officers Addison, Arce,

and Rice. *Id.* at 4. More specifically, he claimed Officers Addison, Arce, and Rice violated his rights under the First, Fifth, and Fourteenth Amendments by not allowing him to file grievances and by using excessive force against him that resulted in two black eyes, injury to his jaw, and loss of a contact lens. *Id.* at 5. He further alleges Officer Addison verbally assaulted him and turned the lights out on him during recreation, Officer Arce made him take a shower while handcuffed, and Captain Durham failed to provide him a law library or equivalent facility. *Id.* He described events that occurred on or about September 21–27, 2025. *Id.* at 6, 8. He states after he complained about cookies he was served lacked cream, Officer Addison removed two feces-covered cookies from a tray and brought them to him. *Id.* He claims after he demanded the lights be turned on to allow him to draft his pro se motions, the officers restrained him and took turns putting their knees on his head and face, adjusting his arm, and loosening his contact lens. *Id.* at 7. He indicates he was subsequently ordered to take a shower with handcuffs on and fell in the shower, injuring his face. *Id.* He said he informed a nurse afterwards, but he received no follow-up. *Id.* He claims Officer Addison threatened to kill him for snitching. *Id.* at 8. He says he sustained two black eyes, a scrape to his face, two swollen wrists, and a fractured jaw, lost his contact lens, and has been denied x-rays and transfer to a hospital. *Id.* He says he was not allowed to use PCDC's kiosk grievance system for over three months. *Id.* at 9.

2

Plaintiff requests the court order defendants to send him to outside medical facilities and pay all associated costs, compensate him for pain and suffering, cover all court costs and attorney fees, and award him any other amounts to be determined by the court at trial. *Id.* at 8.

The court issued a proper form order advising Plaintiff that it could not authorize issuance and service of process, as the case was not in proper form. [ECF No. 7]. Plaintiff subsequently submitted a proposed summons and Forms USM-285. [ECF No. 11]. He also filed an amended complaint. [ECF No. 10].

In the amended complaint, Plaintiff sues "Durham et all." He refers to an incident "[a]round the 18th" in which Officers Arce and Rice "dog pile[d], cuff[ed], and contort[ed his] body" and "forcefully moved" him to segregated housing. [ECF No. 10 at 1]. He indicates he sustained a swollen wrist, loss of his contact lens, and a black eye and he reinjured his jaw. *Id.* He states Officer Arce ordered him to wear belt or belly chains in the shower and during recreation, causing him to sustain another black eye and a scratch to his face. *Id.* He claims that on several occasions, Officers Arce and Rice stripped him, locked his door, and made him walk around naked for an hour during recreation. *Id.* He indicates he was not permitted a disciplinary hearing to challenge Officer Arce's orders. *Id.* He asserts his First Amendment rights were violated because he was denied use of a tablet to review his mail. *Id.* at 2. He contends Officer Rice violated his Eighth Amendment right by placing belly

chains on him while he was naked during recreation. *Id.* at 3. He states Captain Durham denied him contact, access to grievance procedures, a law library, and meaningful access to the court and justice. *Id.* Plaintiff requests the court award him $250,000 from each defendant, order PCDC and Captain Durham to reinstate all rights and comply with state law, order he be provided eyeglasses and jaw surgery, and provide any other remedy considered by the court to be appropriate. *Id.*

On October 31, 2025, the undersigned issued a second proper form order advising Plaintiff that he had failed to follow the instructions in the first proper form order for completion of documents required for issuance and service of process. [ECF No. 14]. The undersigned also issued an order and notice warning Plaintiff that the amended complaint was subject to summary dismissal, as he had included no specific allegations as to Officer Addison and had failed to specify who he was suing in the title of the complaint in accordance with Fed. R. Civ. P. 10(a), resulting in the amended complaint failing to sufficiently apprise the court or the defendants of who he intends to sue. [ECF No. 15]. Both orders instructed Plaintiff that if he failed to correct the deficiencies by November 13, 2025, the case may be dismissed for failure to prosecute and failure to comply with a court order under Fed. R. Civ. P. 41. [ECF Nos. 14, 15].

On November 12, 2025, Plaintiff filed a four-page document with the court that was docketed as a letter. [ECF No. 17]. The document is dated November 5, 2025, begins "Dear Mr. Standeffer," references legal actions that Plaintiff has either filed or intends to file in various courts, and requests a "consultation." The undersigned notes Plaintiff included the following in the letter: *Ps. today I sent out 1:25-cv-12838-RMG-SVH* . Thus, it appears that Plaintiff mailed the docketed letter to the court instead of Mr. Standeffer (and might have mailed to Mr. Standeffer the documents he intended to mail to the court). Nevertheless, a review of the docket reveals that Plaintiff has not corrected the deficiencies identified in the proper form order and the order and notice.

II.    Discussion

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's October 31, 2025

orders within the period permitted by the court, the undersigned concludes Plaintiff does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

III.    Conclusion

The undersigned recommends the court dismiss this matter for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), without prejudice and without leave for further amendment. If Plaintiff files a second amended complaint, a proposed summons, and Forms USM-285 within the time period set for filing objections, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to take such action, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

December 1, 2025                          Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).